IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HARRY MILLER<br>CRAIG ZAHRADNIK<br>WAYNE FARABAUGH | Criminal No. 3:23-cr-16 |

## **INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. **THE INFORMATION**

A nine-count Information was filed against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS |
|---|---|---|---|
| 1 | Conspiracy to manufacture and deal in firearms without a license, in and around May 2022, continuing thereafter until on or about April 27, 2023 | 18 U.S.C. § 371 | ALL DEFENDANTS |
| 2 | Engaging in the business of manufacturing and dealing in firearms without a license, in and around May 2022, continuing thereafter until on or about April 27, 2023 | 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) | HARRY MILLER<br>CRAIG ZAHRADNIK |
| 3 | Sale/disposal of a firearm to a person who intends to sell/dispose of firearm in furtherance of a felony, on or about and between March 21, | 18 U.S.C. §§ 922(d)(10), 924(a)(8) | CRAIG ZAHRADNIK |

| | | | |
|---|---|---|---|
| | 2023, and March 22, 2023 | | |
| 4 | Possession of a firearm by a convicted felon, on or about March 22, 2023 | 18 U.S.C. § 922(g)(1) | HARRY MILLER |
| 5 | Possession of a machinegun, on or about April 27, 2023 | 18 U.S.C. § 922(o)(1) | HARRY MILLER |
| 6 | Possession of a machinegun, on or about April 27, 2023 | 18 U.S.C. § 922(o)(1) | CRAIG ZAHRADNIK |
| 7 | Trafficking in firearms, in and around May 2022, continuing thereafter until on or about April 27, 2023 | 18 U.S.C. §§ 933(a)(1), 933(b) | HARRY MILLER CRAIG ZAHRADNIK |
| 8 | Engaging in business as a manufacturer or dealer in firearms without having paid the special tax required by 26 U.S.C. § 5801, in and around May 2022, continuing thereafter until on or about April 27, 2023 | 26 U.S.C. §§ 5861(a), 5871 | HARRY MILLER CRAIG ZAHRADNIK |
| 9 | Transfer of firearms in violation of the National Firearms Act, on or about and between March 21, 2023, and March 22, 2023 | 26 U.S.C. §§ 5812, 5861(e), 5871 | HARRY MILLER CRAIG ZAHRADNIK |

## II. ELEMENTS OF THE OFFENSES

**A. As to Count One:**

For the crime of conspiracy to manufacture and deal in firearms without a license, in violation of 18 U.S.C. § 371, to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States as charged in the Information;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit offenses against the United States, and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.    As to Count Two:**

For the crime of engaging in the business of manufacturing and dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That the defendant was engaged in the business of dealing in firearms;

2. That the defendant was not a federally licensed firearms dealer; and

3. That the defendant acted willfully.

> United States v. Palmieri, 21 F.3d 1265, 1268–70 & n. 4 (3d Cir.), vacated on other grounds, 513 U.S. 957, 115 S.Ct. 413, 130 L.Ed.2d 329 (1994); United States v. Sanchez–Corcino, 85 F.3d 549, 554 (11th Cir.1996); United States v. Tyson, 653 F.3d 192, 200 (3d Cir. 2011).

**C.    As to Count Three:**

For the crime of the sale/disposal of a firearm to a person who intends to sell/dispose of firearm in furtherance of a felony, in violation of 18 U.S.C. §§ 922(d)(10) and 924(a)(8), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That the defendant sold, disposed of, or transferred a firearm described in the Information at or about the time alleged;

2. That the firearm's recipient intended to sell, dispose of or transfer the firearm to another person in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense (as, such terms are defined in 18 USCS § 932(a)); and

3. That the defendant knew or had reasonable cause to believe that the recipient intended to sell, dispose of, or transfer the firearm in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense.

**D.     As to Count Four:**

For the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;

2. That, as of the date the defendant possessed the firearm, he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3. That, as of the date the defendant possessed the firearm, the defendant knew he had been convicted of a felony crime; and

4. That the firearm was possessed in or affecting interstate or foreign commerce.

**E.     As to Counts Five and Six:**

For the crime of possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. On or about the date set forth in the Information, the defendant knowingly possessed the device described in Count Five and Six of the Information.

2. The defendant knew the device was a machinegun, or was aware of the essential characteristics that made the device a machinegun, as defined by 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b).

**F.    As to Count Seven:**

For the crime of trafficking in firearms, in violation of 18 U.S.C. §§ 933(a)(1) and 933(b), to be established, the United States must prove the following elements beyond a reasonable doubt:

1. The defendant, on or about the date set forth in the Information, knowingly shipped, transported, transferred, caused to be transported, or otherwise disposed of a firearm to another person;

2. The defendant knew, or had reasonable cause to believe, that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a));

3. The defendant's shipping, transportation, transferring, or disposing of the firearm was in or affecting interstate or foreign commerce.

**G.    As to Count Eight:**

For the crime of engaging in business as a manufacturer or dealer in firearms without having paid the special tax required by 26 U.S.C. § 5801, or without having registered as required by 26 U.S.C. § 5802, in violation of 26 U.S.C. §§ 5861(a) and 5871, to be established, the United States must prove the following elements beyond a reasonable doubt:

1. The defendant knowingly engaged in business as a manufacturer or importer of, or dealer in, of firearms; and

2. The defendant did so without having first paid the special tax as required by law and without having first registered as required by law.

**H.     As to Count Nine:**

For the crime of the transfer of firearms in violation of the National Firearms Act, in violation of 26 U.S.C. §§ 5812, 5812, 5861(e), and 5871, to be established, the United States must prove the following elements beyond a reasonable doubt:

1. That the defendant knowingly transferred a firearm;

2. That the transfer was in violation of the National Firearms Act.

Third Circuit Model Criminal Jury Instruction 6.26.5861 (2008);
<u>Staples v. United States</u>, 511 U.S. 600(1994).

## III.  PENALTIES

**A.     As to Count One: Conspiracy to deal and manufacture firearms without a license (18 U.S.C. § 371):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a) A term of imprisonment of not more than 5 years;

    (b) A fine not more than the greater of;

        (1) $250,000;

    or

        (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

    (c) A term of supervised release of not more than three (3) years;

    (d) Any or all of the above.

**B.     As to Count Two: Engaging in the business of dealing and**

**manufacturing firearms without a license (18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D)):**

    1.    A term of imprisonment of not more than five (5) years;

    2.    A fine of not more than $250,000;

    3.    A term of supervised release of not more than three (3) years;

    4.    Any or all of the above.

    **C.**    **As to Count Three: Sale/disposal of a firearm to a person who intends to sell/dispose of firearm in furtherance of a felony (18 U.S.C. §§ 922(d)(10) and 924(a)(8)):**

    1.    A term of imprisonment of not more than fifteen (15) years;

    2.    A fine of not more than $250,000;

    3.    A term of supervised release of not more than three (3) years;

    4.    Any or all of the above.

    **D.**    **As to Count Four: Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):**

    1.    A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). If it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment;

    2.    A fine of not more than $250,000;

    3.    A term of supervised release of up to three (3) years, or five (5) years if 18 U.S.C. § 924(e) applies).

    4.    Any or all of the above.

**E.** **As to Counts Five and Six: Possession of a machinegun (18 U.S.C. § 922(o)(1)):**

    1. A term of imprisonment of not more than ten (10) years;

    2. A fine of not more than $250,000;

    3. A term of supervised release of not more than three (3) years.

    4. Any or all of the above.

**F.** **As to Count Seven: Trafficking in firearms (18 U.S.C. §§ 933(a)(1) and 933(b)):**

    1. A term of imprisonment of not more than fifteen (15) years;

    2. A fine of not more than $250,000;

    3. A term of supervised release of not more than three (3) years.

    4. Any or all of the above.

**G.** **As to Count Eight: Engaging in business as a manufacturer or dealer in firearms without having paid the special tax required by 26 U.S.C. § 5801 (26 U.S.C. §§ 5861(a) and 5871):**

    1. A term of imprisonment of not more than ten (10) years;

    2. A fine of not more than $10,000;

    3. A term of supervised release of not more than three (3) years.

    4. Any or all of the above.

**H.** **As to Count Nine: Transfer of firearms in violation of the National Firearms Act (26 U.S.C. §§ 5812, 5861(e) and 5871):**

    1. A term of imprisonment of not more than ten (10) years;

    2. A fine of not more than $10,000;

3. A term of supervised release of not more than three (3) years.

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013, as the offenses occurred after April 24, 1996.

## V. RESTITUTION

Restitution is not applicable in this case.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059