

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*   *412/644-3500*

August 29, 2023

Christopher B. Brown
Assistant Federal Public Defender
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222

Re:   United States of America v.
      Harry Miller
      Criminal No. 3:23-cr-16

Dear Mr. Brown:

This letter sets forth the agreement by which your client, Harry Miller, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Harry Miller and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Harry Miller will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

     A.    The defendant, Harry Miller, agrees to the following:

          1.    The defendant will waive prosecution by indictment and enter a plea of guilty to Counts One, Two, Four, Five, Seven, Eight, and Nine of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 3:23-cr-16, charging the defendant with violating 18 U.S.C. §§ 371, 922(a)(1)(A), 922(g)(1)), 922(o)(1), 933(a)(1); and 26 U.S.C. §§ 5861(a), 5861(e), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

2. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under Title 18, United States Code, Section 924(d); Title 26, United States Code, Section 5872(a); and Title 28, United States Code, Section 2461(c), including but not limited to the following:

(a) Two Polymer 80 handguns, Privately Made Firearm, Model PF940SC, 9mm, no serial number;
(b) Two black silencers;
(c) Pioneer Arms machinegun, Model PPS43-C, 7.62x25 caliber, serial number (S/N): MA00877P;
(d) Polymer 80 handgun, Privately Made Firearm, Model PF940C, 9mm, no serial number;
(e) Polymer 80 handgun, Privately Made Firearm, Model PF940V2, 9mm, no serial number;
(f) Two black silencers;
(g) Three Polymer 80 handguns, Model PF940C, 9mm, no serial number;
(h) Five short barrel rifles, Privately Made Firearm, multi-caliber, no serial number;
(i) Rifle, Privately Made Firearm, multi-caliber, no serial number;
(j) Four black silencers;
(k) Silver silencer;
(l) Machine gun conversion device;
(m) Three rifles, Privately Made Firearm, multi-caliber, no serial number;
(n) Smith & Wesson, Model M&P Shield, .40 caliber, S/N HVL1460;
(o) Taurus pistol, Model Tracker, .22 caliber, S/N: DW292557;
(p) Glock pistol, Model 30, .45 caliber pistol, S/N: SKA581;
(q) SCCY Industries pistol, Model CPX-2, 9mm caliber, S/N: C290238;
(r) Two machine gun conversion devices;
(s) Two black silencers;
(t) Silver silencer;
(u) Ruger rifle, Model Mini 14, .223 caliber, S/N: 180-26007;
(v) Remington Arms shotgun, Model 870 Express Magnum, 12-guage caliber, S/N: D276446M;
(w) Anderson Manufacturing rifle, Model AM-15, multi-caliber, S/N: 19217409;
(x) Ruger rifle, Model Precision, .308 caliber, S/N: 1800-38440;
(y) Anderson Manufacturing rifle, Model AM-15, multi-caliber, S/N: 19217412;
(z) Palmetto State Armory rifle, Model G3-10, multi-caliber, S/N: G315943;
(aa) Remington Arms shotgun, Model 12, 12-gauge caliber, S/N: PC157817;

(bb) Magnum Research Inc. pistol, Model Desert Eagle 1911G, .45 caliber, S/N: G027216;
(cc) Sig-Sauer pistol, Model P365, 9mm caliber, S/N: 66A410800;
(dd) Ruger rifle, Model American, unknown caliber, S/N: 690-41396;
(ee) Smith & Wesson rifle, Model 9478, unknown caliber, S/N: SY45087;
(ff) Savage shotgun, Model 9478, 12-gauge caliber, S/N: D995954 ;
(gg) Mossberg shotgun, Model 535, 12-gauge caliber, S/N: AT026277;
(hh) Remington Arms rifle, Model 710, 30-06 caliber, S/N: 71209444;
(ii) Mossberg shotgun, unknown model, unknown caliber, S/N: MV32328V;
(jj) Auto Ordinance handgun, Model 1911, .45 caliber, S/N: A0C48753;
(kk) Ruger rifle, American, unknown caliber, S/N: 693-28111;
(ll) Winchester shotgun, Model 1400, 12-gauge caliber, S/N: N565896;
(mm) Colt revolver, unknown model, .38 caliber, S/N: 568098;
(nn) Colt revolver, Model Official Police, .22 caliber, S/N: 36950;
(oo) Henry Repeating rifle, Model H006 Big Boy, .44 caliber, S/N: BB0097472;
(pp) Henry Repeating rifle, Model Silver Eagle, .22 caliber, S/N: SE002970;
(qq) Winchester rifle, Model 94, 30-30 caliber, S/N: 5030131;
(rr) Ruger rifle, Model Marlin 1895, 45-70 caliber, S/N: RM0008029;
(ss) Benelli shotgun, Model M4, 12-gauge caliber, S/N: Y109216E19;
(tt) Benelli shotgun, Model M4, 12-gauge caliber, S/N: Y110970F19;
(uu) Remington shotgun, Model 870, 12-gauge caliber, S/N: RS18749Y;
(vv) Remington shotgun, Model 870, 12-gauge caliber, S/N: RS46079X;
(ww) FN Herstal rifle, Model PS90, 5.7x28 caliber, S/N: FN110846;
(xx) Sig Sauer rifle, Model 716I Tread, 7.62 caliber, S/N: 23D009145;
(yy) FN Herstal pistol, Model Five-Seven, 5.7x28 caliber, S/N: 386307306;
(zz) Benelli shotgun, Model M4, 12-gauge caliber, S/N: Y112220M19;
(aaa) Kahr Arms pistol, Model 1911A1, .45 caliber, S/N: AOA51307;
(bbb) Colt rifle, Model Carbine, 5.56 caliber, S/N: CR061403;
(ccc) Remington shotgun, unknown model, 12-gauge caliber, S/N: RAF001504;
(ddd) Colt pistol, Model 1911, .45 caliber, S/N: SCS338;
(eee) Glock pistol, Model 19, 9mm caliber, S/N: AFCG102;
(fff) Girsan pistol, Model MC 1911 S, .45 caliber, S/N: T6368-22DV00341;
(ggg) PTR pistol, Model PTR91, 9mm caliber, S/N: 9MC014001;
(hhh) Fabrica D'Arm revolver, Model Eliminator, .357 caliber, S/N: E082584;

  (iii) PTR pistol, Model PTR91, 9mm caliber, S/N: 9MC013904;
  (jjj) Radical Firearms rifle, Model RF-15, multi-caliber, S/N: 21-026116;
  (kkk) Ruger rifle, Model Hightower HTA 90/22, .22 caliber, S/N: unknown;
  (lll) Glock pistol, Model 43, 9mm caliber, S/N: AFEZ867;
  (mmm) $1,000 in U.S. Currency.
  (nnn) Three short barrel rifle, Privately Made Firearm, multi-caliber, no serial number;
  (ooo) Two Polymer 80 handgun, Privately Made Firearm, 9mm, no serial number;
  (ppp) Three black silencers;
  (qqq) Seven short barrel rifles, Privately Made Firearm, multi-caliber, no serial number;
  (rrr) Five rifles, Privately Made Firearm, multi-caliber, no serial number;
  (sss) Four machine gun conversion devices – drop-in auto sear;
  (ttt) Three Machine gun conversion devices – Glock switch;
  (uuu) Nine Polymer 80 handgun Privately Made Firearm kits; and
  (vvv) Ammunition.

3. The defendant acknowledges that the above-described property are firearms and/or ammunition involved in or used in the knowing violation of the offenses charged at Counts One, Two, Four, Five, Seven, Eight, and Nine.

4. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

5. If the Court imposes a fine or restitution as part of a sentence of incarceration, Harry Miller agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

6. At the time Harry Miller enters the defendant's plea of guilty, the defendant will deposit a special assessment of $700 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Harry Miller waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

8. Harry Miller waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Harry Miller may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Harry Miller may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

9. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Harry Miller in the offenses charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with

acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Harry Miller and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Harry Miller at the offense at Count One is:

    (a) A term of imprisonment of not more than five (5) years;

    (b) A fine of not more than $250,000;

    (c) A term of supervised release of not more than three (3) years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The penalty that may be imposed upon Harry Miller at the offense at Count Two is:

    (a) A term of imprisonment of not more than five (5) years;

    (b) A fine of not more than $250,000;

    (c) A term of supervised release of not more than three (3) years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

3. The penalty that may be imposed upon Harry Miller at each of the offenses at Counts Four and Seven is:

    (a) A term of imprisonment of not more than fifteen (15) years;

    (b) A fine of not more than $250,000;

    (c) A term of supervised release of not more than three (3) years; and

    (d) A special assessment under 18 U.S.C. § 3013 of $100.

    If, however, it is determined that Harry Miller has 3 previous convictions for violent felonies or serious drug offenses or both, each committed on occasions different from one another, the term of imprisonment is not less

than 15 years and not more than life imprisonment, and the term of supervised release is 5 years.

4. The penalty that may be imposed upon Harry Miller at the offense at Count Five is:

   (a) A term of imprisonment of not more than ten (10) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than three (3) years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

5. The penalty that may be imposed upon Harry Miller at each of the offenses at Counts Eight and Nine is:

   (a) A term of imprisonment of not more than ten (10) years;

   (b) A fine of not more than $10,000;

   (c) A term of supervised release of not more than three (3) years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

6. The parties agree that the base offense level should be 20 pursuant to 2K2.1(a)(4)(B)(i)(II) and (ii)(I).

7. The parties further agree that the adjusted base offense level should be raised under the following sections of the Guidelines:

   6 levels pursuant to 2K2.1(b)(1)(C) (25 to 99 Firearms)
   4 levels pursuant to 2K2.1(b)(5) (Trafficking of Firearms)

8. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Harry Miller acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

9. This agreement does not preclude the government from pursuing any civil or administrative remedies against Harry Miller or the defendant's property.

10. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its

discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

11. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Harry Miller and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
ERIC G. OLSHAN
United States Attorney

*[signature]*
MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney

I have received this letter from my attorney, Christopher B. Brown, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*Harry Miller Jr.*
HARRY MILLER

10/23/2023
Date

Witnessed by:

*Chr Bm*
CHRISTOPHER B. BROWN
Assistant Federal Public Defender
Counsel for Harry Miller